———o———

5367.

(Court of Appeal, Parish of Orleans.)

## JACOB NEINABER vs. GEORGE R. RAINE AND WIDOW ROBT. DESPOSITO.

1. Where a purchaser, not a party to a mortgage note, assumes its payment as part of the purchase price, such assumption is a *stipulation pour autrui*, which creates a personal obligation to pay the price of sale and which is subject to the prescription of ten years.
2. The third person may, so long as the assumption has not been revoked, avail himself by suit of the advantage stipulated in his favor.

Appeal from the Civil District Court, Division "D."

Dart, Kernan & Dart, for plaintiff and appellant.

M. M. Boatner, Zengel, Thomas and Suthon, Dinkelspiel, Hart and Davey, Le Gallez and Smart, Attorneys for defendant.

DUFOUR, J.—Alleging that he was the owner of a note signed by Raine and the payment of which had by authentic act been assumed by Mrs. Desposito, Nienaber foreclosed on certain real estate and had notice of demand served on both parties.

The executory process was enjoined on the grounds of forgery, payment and prescription.

A rule to dissolve the injunction was taken, and, on its trial, the Court discovering erasures and discrepencies in the mortgage act, discharged the rule and left the injunction suits to be tried on their merits.

More than one year afterwards, Nienaber by supplemental answer asked for personal judgment against both defendants with a recognition of privilege on the property mortgaged.

Thus, the action was converted into an ordinary one under the reservation in the judgment on the rule, not appealed within legal delay, and the suggestion of **res judicata** cannot hence be considered.

On the trial of the injunction suit the Court sustained the plea of prescription of five years, and Nienaber has appealed.

The claim against Raine was practically abandoned at the argument, and it is urged in this Court that, considering the assumption of liability by Mrs. Desposito, the prescription applicable is that of ten years.

The transaction in this case was one of sale and resale

between Mrs. Desposito and Raine, for the sole purpose of affording a vendor's lien upon which the former might borrow on her property.

The note sued on was signed by Raine; Mrs. Desposito was not a party to it.

The claim against her is based on the declaration as vendee in the act of resale that "in liquidation of the balance of the purchase price, the said purchaser hereby assumes the payment of the sum of $1800.00, being the amount of a certain mortgage and vendor's lien note signed by the vendor herein to his own order and by him endorsed and paraphed 'ne varietur' by the undersigned notary on said date, being the credit portion of a sale by the purchaser herein to the vendor herein."

The contention of the plaintiff is that this assumption of liability is a **stipulation pour autrui,** under the terms of Art. 1890 R. C. C., to the effect that, "a person also may in his own name make some advantage for a third person the condition of consideration of a commutative contract."

This view is apparently supported by the decision in **Scionneaux vs. Waguespack, 32 A., 287.**

In that case, as in this, the purchaser was not a party to the note, but merely assumed of a mortgage note as part of the price of his purchase. The Court held the assumption to be a **stipulation pour autrui** credited a personal obligation to pay the price of sale and which was subject to the prescription of ten years under **Art. 3544 R. C. C.**

The present plaintiff has availed himself of the advantage stipulated in his favor by suing within the prescriptive period on the assumption which does not appear to have been revoked.

**R. C. C. 1890; 12 An., 152.**

The plea of prescription must therefore be overruled.

Raine's uncontradicted testimony clearly establishes the fact that the note sued on is the genuine note and the only one signed and that the note paid by Mrs. Desposito was a forgery.

It is therefore ordered, adjudged and decreed that so far as the judgment refers to George R. Raine, it is affirmed at appellant's cost. It is further ordered that so far as the judgment refers to the other defendant, it is hereby reversed, and it is now ordered that there be judgment in favor of Jacob Nienaber, plaintiff, and against Mrs. Jennie Lynch, widow of Robert Desposito, defendant dismissing the injunction herein and allowing said Nienaber's reconventional demand against Mrs. Robert Desposito for the sum of eighteen hundred dollars with 8% interest thereon from July 17th, 1907 until paid and 10% attorney's fees on the amount thus due and exigible and all costs, and further entitling him to a privilege and the right to sell the following described property:

1st. A lot of ground and improvements in square bounded by Bolivar, Poydras, Bertrand and Lafayette Streets, designated by Letter "C" on plan of E. Pilie, surveyor, dated March 1st, 1896 annexed to an act of partition passed before W. F. Brewer, notary public, on April 4th, 1896, according to which plan or sketch said lot measures thirty feet and three inches front on Bolivar Street by a depth on the line nearest Lafayette Street of one hundred and nine feet, seven inches and two lines and on the opposite side line a first depth of eighty-two feet, two inches and four inches, thence a second depth on an oblique line running toward Poydras Street of twenty-eight feet and two inches to rear line which has a width of thirty-six feet, nine inches and six lines.

2nd. A certain lot of ground, together with all the improvements and buildings thereon (bearing municipal numbers 1207 and 1209 Perdido Street) and all the appurtenances thereunto belonging situated in the first district of this City in the square bounded by Perdido, Basin (St. John), Franklin and Gravier Streets, measuring twenty-five feet, six inches front on Perdido Street by one hundred and twenty-six feet, six inches and six lines in depth on the side nearest Basin Street and the one hundred and twenty-three feet, eleven inches and one line on the side nearest Franklin Street. It is further ordered that Mrs. Desposito pay costs of both Courts.

June 26th, 1911.

Rehearing granted October 23, 1911.

## ON REHEARING.

Former decree reinstated.

ST. PAUL, J.—A careful re-examination of the evidence in this case has resulted in confirming the conclusions of fact heretofore reached by us, that the note sued upon is the genuine note of Geo. R. Raine, the only note which he signed, and the only obligation undertaken by him, in connection with the transaction out of which this controversy grows; that the note paid by Mrs. Desposito was a forgery.

Such being the fact, as we find it, we are constrained to hold that, notwithstanding the erasures in the act of sale by which Mrs. Desposito conveyed the property to Raine, and notwithstanding the discrepancies in dates between that act and the note itself; nevertheless that

note alone represents the unpaid portion of the purchase price which Raine undertook to secure by mortgage and lien on the property transferred to him; and thus it constituted the very obligation which Mrs. Desposito, on reacquiring the property, undertook to discharge, viz: a note representing "the credit portion of a sale" by herself to Raine.

Likewise, it seems well settled under the jurisprudence of this State that the obligation thus undertaken by Mrs. Desposito amounted to a "stipulation pour autrui," of which the holder of the note might avail himself.

> SeeMayor vs. Bailey, 5 M. 321; Marigny vs. Remy, 3 N. S., 608; Flower vs. Lane, 6 N. S. 151; Remberton vs. Zacharie, 5 La., 316; DeLisle vs. Moss, 34 An.., 167.

The right of action growing out of such assumption is prescribed only by the lapse of ten years. **Scionneaux vs. Waguespack, 32 An., 283; Suc. Romero, 29 An., 493; Gilmore vs. Logan, 30 An., 1276.**

It is therefore ordered that our former decree be now reinstated and made the final judgment of the Court.

December 4th, 1911.